

**IT IS ORDERED as set forth below:**

**Date: October 31, 2014**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION

In re:                              :   Chapter 11 – Judge Diehl
                                    :
EDWARD BYRON SLAUGHTER;             :   Case No. 13-42906
E. BYRON SLAUGHTER, LLC;            :   Case No. 13-42907
APEX LOCATORS, LLC;                 :   Case No. 13-42908
CHAPEL HEIGHTS, LLC; and            :   Case No. 13-42909
ROLLING HILLS PLAZA, LLC;           :   Case No. 13-42910
                                    :
     Debtors.                       :   Jointly Administered Under
                                    :   Case No. 13-42906
_____:_____
                                    :
EDWARD BYRON SLAUGHTER,             :
                                    :
     Movant,                        :
                                    :
v.                                  :   CONTESTED MATTER
                                    :
PNC BANK, N.A.; KING COLE           :
CONDOMINIUM ASSOCIATION; and        :
MIAMI-DADE COUNTY TAX COLLECTOR,    :
                                    :
     Respondents                    :
_____:

    ORDER APPROVING MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY
     FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, TO MAKE
       CERTAIN DISBURSEMENTS AT CLOSING, AND FOR RELATED RELIEF
            [900 Bay Drive, Unit #719, Miami Beach, Florida]
```

This matter is before the Court on the "MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, TO MAKE CERTAIN DISBURSEMENTS AT CLOSING, AND FOR RELATED RELIEF" filed by Edward Byron Slaughter, the "Movant" herein, on October 9, 2014 [Doc. No. 219] (the "Sale Motion"). As set forth in the Sale Motion, the Movant requests entry of an order: (a) approving the sale by the Movant of a condominium unit located in Miami-Dade County, Florida having a street address of 900 Bay Drive, Unit #719, Miami Beach, Florida 33141-5623 (the "Condo") to Anthony Santini, and/or his assigns (the "Purchaser") pursuant to the terms of that certain Residential Contract For Sale and Purchase" dated September 16, 2014, by and between the Movant, Edward Byron Slaughter, as "Seller" therein, and Anthony Santini, as "Purchaser" therein, a true and correct copy of which is attached to the Sale Motion as Exhibit "A" (the "Sales Contract"); and (b) authorization for the Movant to make certain disbursements at closing as more particularly described in the Sales Contract and the Motion.

A hearing (the "Hearing") regarding the Sale Motion was held upon due notice on October 30, 2014.  Present at the Hearing were: (i) Paul Reece Marr, Esq., attorney for the Movant, (ii) Garrett H. Nye, Esq., attorney for King Cole Condominium Association ("King Cole"), and (iii) Martin P. Ochs, attorney for the United States Trustee.  Attorneys Nye and Ochs announced that their respective clients did not oppose the Sale Motion.  The record reflects no objection to the Sale Motion.  The undersigned is aware of no objection to the relief requested in the Sale Motion.

The Sales Contract contemplates that the sale of the Condo is to be conducted free and clear of all liens, claims, encumbrances and interests, with all liens, claims, encumbrances and interests to attach to the proceeds of the sale (the "Sales Proceeds") in the same amount, validity and priority as they may have attached to the Condo pre-Petition.  The Court having reviewed and considered the matter; and it appearing that the relief requested in the Sale Motion is in the best interests of the Movant, the estate and creditors, and other parties in interest; and upon the record of the Sale Hearing and this case;

2

and after due deliberation thereon; and good cause appearing therefore, the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

   A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

   B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

   C. The Court has jurisdiction over the Sale Motion and the transactions contemplated pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   D. The statutory predicates for the relief sought in the Sale Motion are Sections 105 and 363 of 11 U.S.C. §§ 101 et seq. (as amended, modified or supplemented, the "Bankruptcy Code"), and Bankruptcy Rules 2002, 6004, and 9014.

   E. As evidenced by the certificates of service previously filed with the Court (i) proper, timely, adequate, and sufficient notice of the Sale Motion, the Sale Hearing, and all the other transactions at issue (collectively, all transactions contemplated in connection with the sale of the Property are referred to as the "Transactions") has been provided; (ii) such notice was good, sufficient, and appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion is necessary or shall be required.

   F. The Movant: (i) has full power and authority to sell the Condo and to enter into all other documents, including a deed transferring title to the Purchaser, as may be appropriate to document the sale of the Condo as authorized herein (collectively, the "Sale Documents"); (ii) has all of the power and authority necessary to consummate the sale of the Condo; and (iii) has taken all action necessary to authorize and approve the sale of the Property as authorized herein.

G. The Movant has demonstrated and proven to the satisfaction of this Court good, sufficient, and sound business purpose and justification for the sale of the Condo and the other Transactions authorized herein, pursuant to Section 363(b) of the Bankruptcy Code. Exigent circumstances and sound business reasons exist for the Movant's sale of the Condo pursuant to the terms of the Sales Motion. The consummation of the sale of the Condo to the Purchaser as authorized herein constitutes the exercise by the Movant of sound business judgment and such act is in the best interests of the Movant, the estate, and creditors. The Court finds that the Movant has articulated good and sufficient business reasons justifying the sale of the Condo pursuant to Sections 105 and 363 of the Bankruptcy Code.

H. The Sales Contract and the Transactions contemplated by the Sales Contract and the sale authorized to the Purchaser herein were negotiated and have been and are undertaken by the Movant and the Purchaser at arm's length, without collusion or fraud and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Movant and the Purchaser are entitled to the protections of Section 363(m) of the Bankruptcy Code.

I. Neither the Movant nor the Purchaser has engaged in any conduct that would cause or permit the Transactions to be avoided under Section 363(n) of the Bankruptcy Code.

J. The aggregate consideration provided by the Purchaser for the Condo (i) is fair and reasonable, (ii) is the highest and best offer for the Condo, and (iii) will provide a greater recovery for the Movant's creditors than would be provided by any other practical, available alternative. The entry of this Sale Order and the approval of the sale of the Condo to the Purchaser pursuant to Section 363 of the Bankruptcy Code are necessary and appropriate to maximize the value of the Movant's estate. In addition, the relief requested in the Sale Motion is a necessary and appropriate step toward enabling the Movant to successfully reorganize in this Chapter 11 case and is otherwise in the best interests of the Movant, creditors, the estate, and all other parties in interest in this case.

K. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

L. The transfer of the Condo to the Purchaser will be a legal, valid, and effective transfer of the Property, and will vest the Purchaser with all right, title, and interest of the Movant and the bankruptcy estate to the Condo free and clear of all liens, claims, rights, interests, and encumbrances of any kind or nature whatsoever, including but not limited to, those (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Movant's interest in the Condo, or any similar rights; and (ii) (A) all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal, or charges of any kind or nature, if any, including, but not limited to, any restriction of the use, transfer, receipt of income or other exercise of any attributes of ownership, and (B) all debts arising in any way in connection with any agreements, acts, or failures to act, of the Movant or affiliates, claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests, and matters of any kind and nature, whether known or unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of this case pursuant to Chapter 11 of the Bankruptcy Code, and whether imposed by agreement, understanding, law, equity or otherwise, including but not limited to claims otherwise arising under doctrines of successor liability (collectively, the "Interests").

M. The Purchaser would not consummate the Transactions authorized herein, thus adversely affecting the Movant, the estate, and creditors, if the sale of the Condo to the Purchaser were not free and clear of all Interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of the Interests.

N. The Movant is authorized to sell the Condo free and clear of all Interests because, in each case, one or more of the

standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. All non-debtor parties with any claims or Interests in the Condo who did not object to the sale, the Sales Contract or the Sale Motion are deemed to have consented to such sale pursuant to section 363(f)(2) of the Bankruptcy Code.

 O. Consummation of the sale of the Condo at this time is in the best interests of the Movant's creditors, the estate, and other parties in interest.

 P. Time is of the essence in closing the Transactions. The Condo is being sold "as is," with all faults. The Movant shall have no obligation to make any repairs or replacements to the Condo.

 For all of the foregoing and after due deliberation, the Court ORDERS, ADJUDGES, AND DECREES THAT:

 1. The Sale Motion is GRANTED as further described herein;

 2. The Transactions are hereby approved in all respects.

 3. The closing is to be held on or before 30 days from the date that this Order is entered on the docket.

 4. From the Sale Proceeds, the Movant is authorized to pay at closing as follows:

  a. Pay all usual and customary closing costs and prorations at Closing as reflected in the Sales Contract;

  b. Pay a real estate commission in the amount of 6% of the gross purchase price ($13,200.00) to be shared equally by Keller Williams Miami Beach as the Listing Broker and Habitamiami LLC as the Cooperating Broker;

  c. Pay off the mortgage to PNC Bank, N.A. in the approximate amount of $145,049.88 as of the Petition Date;

  c. Pay to King Cole Condominium Association for unpaid condominium owner assessments and related charges in the approximate amount of, but not less than, $33,649.03;

  d. Pay to Miami-Dade County Tax Collector prorated ad valorem real property taxes for year 2014 based on 2014 taxes due in the amount of $2,271.00; and

  e. The remaining net proceeds shall be paid to Movant as the debtor in possession herein to be deposited into his debtor in possession checking account in this bankruptcy case.

 5. Pursuant to Section 363 of the Bankruptcy Code, the

6

Movant is authorized to consummate the sale and the Transactions in accordance with the terms of this Order.

6. The Movant is authorized to execute and deliver, and empowered to consummate the sale of the Condo as authorized herein and to execute all instruments and documents that may be reasonably necessary or desirable to implement the sale of the Property as approved herein and to take all further actions as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser, or reducing to possession, the Condo.

7. This Sale Order and the Sale Documents shall be binding in all respects upon all creditors and parties in interest (whether known or unknown) of the Movant, all successors, designees or assigns of the Purchaser, the Movant, and their affiliates.

8. Except as expressly permitted or otherwise specifically provided for in this Sale Order, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Condo shall be transferred to the Purchaser at, and subject to and conditioned upon, the Closing (as defined in the Sales Contract), and upon Closing shall be, free and clear of all Interests of any kind or nature whatsoever, with all such Interests of any kind or nature whatsoever to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force, and effect which they now have as against the Condo, subject to any claims and defenses the Movant and the bankruptcy estate may possess with respect thereto.

9. Except as expressly permitted or otherwise specifically provided by this Sale Order, all persons and entities, including, but not limited to, all debt security holders, governmental, tax, and regulatory authorities, lenders, employees, trade, and other creditors holding Interests of any kind or nature whatsoever against or in the Movant or the Condo (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under, out of, in connection with, or in any way relating to, the Movant, the Property, or the transfer of the Condo to the Purchaser, are forever barred, estopped, and permanently enjoined from asserting

against the Purchaser, its successors or assigns, his property, or the Condo, such persons' or entities' Interests.

10. The consideration provided by the Purchaser for the Condo shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

11. The consideration provided by the Purchaser for the Condo is fair and reasonable and may not be avoided under Section 363(n) of the Bankruptcy Code or under any other section of the Bankruptcy Code.

12. This Court retains jurisdiction to enforce and implement the terms of this Sale Order and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Condo to the Purchaser; (b) compel delivery of the purchase price by the Purchaser or performance of other obligations of the Purchaser under the terms of this Sale Order (c) interpret, implement, and enforce the provisions of this Sale Order, however, in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Sales Contract or this Sale Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

13. The Transactions are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale of the Condo to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Condo and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

14. This Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Movant, the estate, and all creditors and parties in interest; the Purchaser, and its

respective affiliates, designees, successors, and assigns; and any affected third parties including, but not limited to, all persons asserting an Interest in the Condo to be sold to the Purchaser as authorized herein.

15. Any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect upon the Movant's estate.

16. Nothing contained in this Order shall be construed to apply to any person, governmental authority, or other entity that is beyond the jurisdiction of this Court, except as may otherwise be appropriate under applicable law.

17. The stay of orders authorizing the use, sale, or lease of property as provided for in Bankruptcy Rule 6004(h) shall not apply to this Sale Order, and this Sale Order is immediately effective and enforceable.

18. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry. Time is of the essence in closing the Transactions.  Therefore, any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay or risk their appeal being foreclosed as moot.

**END OF DOCUMENT**


Prepared and submitted by,
PAUL REECE MARR, P.C.
Attorneys for Movant

 /s/ Paul Reece Marr
Paul Reece Marr
GA Bar #471230
Suite 960
300 Galleria Parkway, N.W.
Atlanta, GA 30339
770/984-2255

9

DISTRIBUTION LIST

    Pursuant to Local Rule 9013-2(b) for the United States Bankruptcy Court, Northern District of Georgia, following is a list of all parties to be served with a copy of this Order:

Martin P. Ochs
Office of the U.S. Trustee
Suite 362
75 Spring Street, S.W.
Atlanta, GA 30303

Keller Williams MB
Suzann Jaskow
1680 Meridian Avenue
Suite 100
Miami, Florida 33139

Christopher P. Kelly, Esq.
11098 Biscayne Blvd
Suite 205
Miami, FL 33161

Chad M. Freedman, Esq.
Ballaga & Freedman, LLP
396 Alhambra Circles
Suite 204
Coral Gables, FL 33134

Anthony Santini
c/o Allan Tahar PA
Habitamiami
333 NE 24th St.
Miami, FL 33137

Ron C. Bingham, II
Stites & Harbison PLLC
2800 SunTrust Plaza
303 Peachtree Street
Atlanta, GA 30308

A. Michelle Hart Ippoliti
McCalla Raymer, et al
1544 Old Alabama Road
Roswell, GA 30076

Jed L. Frankel
Eisinger, Brown, Lewis
& Frankel, P.A.
Presidential Circle
Suite 265 South
4000 Hollywood Blvd.
Hollywood, FL 33021

Garrett H. Nye
Cohen Pollock
Merlin & Small, P.C.
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339

PNC Bank, N.A.
Attn: Colby Cleavenger
75 Fifth Street NW
Suite 900
Atlanta, GA 30308

King Cole Condominium Assoc.
900 Bay Drive
Miami Beach, FL 33141

Miami-Dade Tax Collector
200 NW 2nd Avenue
Miami, FL 33128