IT IS ORDERED as set forth below:



Date: May 28, 2015

_____

Mary Grace Diehl
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| EDWARD BYRON SLAUGHTER | Case No. 13-42906-mgd |
| Debtor. | Judge Diehl |
| KEVIN GREEN | |
| Movant | CONTESTED MATTER |
| v. | |
| EDWARD BYRON SLAUGHTER | |
| Respondent, | |

### CONSENT ORDER

IT APPEARING to the Court that the above-described parties agree to the following;

1. That Debtor filed a Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division, on October 5, 2013;

2. That Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(b) and 1334. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2);

3. That Debtor co-owns a membership interest equally with Movant in and to Stonegate Homebuilders, LLC, a Georgia limited liability company (herein "Stonegate"), which owns certain real property known as 581 W. Main Street, Cherokee County, Centre, Alabama 35960 (herein the "Property").

4. That the parties are desirous of effectuating the transfer of Debtor's interest in Stonegate to Movant pursuant to the terms and conditions set forth in that Settlement Agreement, a copy of which is attached hereto as Exhibit "A".

5. That the parties seek the approval of the Court of the terms of their agreement;

THEREFORE, IT IS HEREBY ORDERED, that the terms of the Settlement Agreement are hereby approved by the Court; and

IT IS FURTHER ORDERED that the Automatic Stay shall be lifted in order to effectuate the terms of said Settlement Agreement.

**[END OF ORDER]**

Prepared and presented by:

McRae, Stegall, Peek, Harman,
Smith & Manning, LLP

_____
Brian R. Bojo
Georgia Bar No. 141482
bbojo@msp-lawfirm.com
PO Box 29
Rome, GA 30161
(706) 291-6223
Attorneys for Kevin Green


Consented to:

Paul Reece Marr, P.C.

_____
Paul Reece Marr,
signed with express permission by Brian R. Bojo
Georgia Bar No. 471230
paul@paulmarr.com
300 Galleria Parkway, NW, Ste 960
Atlanta, GA 30330
(770) 984-2255
Attorneys for Edward Byron Slaughter

Page 3 of 3

EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of _____ day of May, 2015, by and among: EDWARD BYRON SLAUGHTER, an individual resident of the State of Georgia (hereinafter "Slaughter"); KEVIN GREEN, an individual resident of the State of Alabama (hereinafter "Green"); and STONEGATE HOME BUILDERS, LLC, a Georgia limited liability company (hereinafter "Stonegate"). Slaughter, Green and Stonegate are each individually referred to herein as a "Party" and collectively as "Parties" to this Agreement.

## WITNESSETH

WHEREAS, Stonegate is a member managed limited liability company, which is owned as follows: fifty percent (50%) by Green and fifty percent (50%) by Slaughter; and

WHEREAS, Stonegate issued membership units to Slaughter (hereinafter the "Slaughter Units") and membership units to Green representing said ownership interests; and

WHEREAS, on October 5, 2013, Slaughter filed a Petition for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Northern District of Georgia, Rome Division, the same being Case No. 13-42906-mgd (hereinafter the "Slaughter Bankruptcy"); and

WHEREAS, Stonegate is the owner of record of certain real property being known as 581 W. Main Street, Cherokee County, Centre, Alabama 35960 (hereinafter the "Property"); and

WHEREAS, the Property is pledged collateral for a certain mortgage held by First Southern State Bank (hereinafter "First Southern"), which has a current balance of approximately $86,000.00 (hereinafter the "Mortgage"); and

WHEREAS, the Property was severely damaged by fire, and AutoOwners Insurance, the insurance carrier for the Property, is currently holding the proceeds from said insurance coverage until a determination is made regarding the payment of same and all other issues between the parties; and

WHEREAS, an agreement has been reached with respect to the various claims and interests asserted to the Slaughter Units, as well as the disposition of any and all other assets of Stonegate; and

WHEREAS, Slaughter has offered to transfer the Slaughter Units to Green in exchange for a full release of any and all debts, obligations, invoices, bills or outstanding accounts of Stonegate; and

WHEREAS, the parties wish to fully and finally settle any and all matters between them;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and agreements set forth in this Agreement, and other good and valuable consideration, the receipt,

Page 1 of 6

adequacy and sufficiency of which are hereby acknowledged and do support each and every covenant herein, the Parties, intending to be legally bound hereby, agree as follows:

1. **RECITALS**. The Parties each warrant and represent that the foregoing recitals are true and correct in all material respects and by this reference are made a part of this Agreement.

2. **TRANSFER OF THE SLAUGHTER UNITS/DEPOSITS**. Upon the execution of this Agreement by the Parties, Slaughter shall transfer any and all interest in the Slaughter Units to Green by Assignment of Membership Interest substantially similar to that which is attached hereto as Exhibit "A", and hereby releases and quitclaims any and all interest in the Slaughter Units to Green. Upon the transfer of the Slaughter Units to Green, Green shall be the sole owner/member of Stonegate and shall have full authority to execute any and all documents necessary to conduct business in the name of Stonegate. Slaughter further agrees to transfer ownership of the utility deposits held by the Cherokee Electric Co-Op and the Centre Water Authority to Stonegate.

3. **SLAUGHTER WARRANTIES**. Slaughter warrants that he has received no payments, in cash or in kind, in exchange for entering into this Agreement. Slaughter further warrants that to his knowledge there are no outstanding debts, obligations, invoices or bills due to be paid by Stonegate other than those listed on Exhibit "B".

4. **FIRST SOUTHERN RELEASE**. As additional consideration for the execution of this Agreement and at the time of execution of this Agreement, Green shall present to Slaughter satisfactory evidence from First Southern, on its behalf and on behalf of its subsidiaries, parent corporations, affiliate companies, stockholders, members, managers, general partners, limited partners, officers, employees, directors, attorneys, representatives, agents, sureties, insurers, predecessors, successors, and assigns, jointly and severally (hereinafter, individually and collectively, the "First Southern Releasors"), a Release that releases Slaughter from any and all personal guarantees that Slaughter may have executed in connection with the Mortgage. The First Southern Releasors shall further release all past, present or future claims, causes of action, reckonings, notes, suits, bills, liabilities, commitments, duties, demands, or choses in action of whatever nature or kind, which the Southern Releasors, or any of them, have or may have arising out of or related to any matter at issue in the connection with the Mortgage, including, without limitation, all rights, damages, court costs, appeal costs, attorneys' fees, litigation and/or pre-litigation expenses, punitive and/or exemplary damages, and any other kind of damages, whether sounding in contract or tort, which the First Southern Releasors now have, or may hereafter accrue or otherwise acquire, at law or equity, or otherwise, whether now known, unknown or hereinafter discovered, anticipated and unanticipated, absolute or contingent, past, present and future, for or on account of any and all losses, injuries, or damages, including all consequential, incidental, and derivative damages of any kind and nature arising up to the date of this Agreement (collectively, the "First Southern Released Claims").

5. **PERSONAL PROPERTY/EQUIPMENT OF STONEGATE**. Slaughter shall return the metal break which is in Slaughter's possession. The Parties shall agree in good faith between themselves as to the most appropriate manner in which said change of possession shall take place.

6. **BANKRUPTCY ORDER.** The parties agree to the submission of a Consent Order in the Slaughter Bankruptcy setting forth the terms of this Agreement that is substantially in the same form as attached hereto as Exhibit "C", and further agree that all necessary orders and approvals must be obtained by the Bankruptcy Court prior to the implementation of any terms of this Agreement.

7. **NOTICES**. All notices and other communications required or permitted under this Agreement shall be in writing and if mailed by prepaid first class mail, certified mail, return receipt requested, shall be deemed to have been received on the earlier of the dates shown in the receipt or three (3) business days after the postmark date thereof. In addition, notices hereunder may be delivered by over-night mail, hand or facsimile in which event the notice shall be deemed effective when delivered. Notice shall be deemed delivered to the parties at the following:

> To Slaughter:   Edward Byron Slaughter
> c/o Mr. Paul Marr
> Paul Reece Marr, P.C.
> 300 Galleria Parkway, NW, Ste 960
> Atlanta, GA  30339
> 770-984-2255
> (fax) 770-984-0044
> paul@paulmarr.com
>
> To Green:   Kevin Green
> c/o Mr. Brian R. Bojo
> McRae, Stegall, Peek, Harman,
> Smith & Manning, LLP
> 100 East 2nd Avenue, 4th Floor
> P. O. Box 29
> Rome, GA  30162-0029
> 706-291-6223
> (fax) 706-291-7429
> bbojo@msp-lawfirm.com

8. **AMENDMENTS.** This Agreement may not be modified, altered or amended except by agreement in writing signed by each of the Parties.

9. **ENTIRE AGREEMENT.** This Agreement constitutes the entire understanding and agreement between the Parties hereto with respect to the subject matter hereof and thereof and it supersedes all prior agreements, understandings and inducements, whether express or implied, oral or written. The Parties hereto represent that parole evidence is not necessary to establish any terms, covenants, or conditions of this Agreement.

10. **RIGHTS AND REMEDIES CUMULATIVE.** Each and every right and remedy granted to the Parties under this Agreement, and each and every agreement, instrument and document executed in connection with or pursuant to this Agreement, or allowed to it at law or in equity, shall be cumulative with every other right and remedy.

11. **NON-WAIVER OF RIGHTS AND REMEDIES**. No delay or failure of any party to this Agreement in the exercise of any right or remedy, nor any single or partial exercise by such party of any right or remedy shall operate as a waiver, release, cure, abrogation or impairment thereof or of any other or future exercise thereof or of any other right or remedy.

12. **GOVERNING LAW.** The Parties hereby acknowledge and agree that this Agreement shall be governed by the laws of the State of Georgia without regard to its conflicts of law rules.

13. **JURISDICTION**. TO THE EXTENT PERMITTED BY LAW, THE PARTIES TO THIS AGREEMENT AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT SHALL BE TRIED AND LITIGATED ONLY IN SUPERIOR COURT LOCATED IN FLOYD COUNTY, GEORGIA OR THE FEDERAL COURTS LOCATED IN THE NORTHERN DISTRICT OF GEORGIA. THE PARTIES TO THIS AGREEMENT, TO THE EXTENT THAT THEY MAY LEGALLY DO SO, HEREBY WAIVE ANY RIGHT EACH MAY HAVE TO ASSERT THE DOCTRINE OF **FORUM NON CONVENIENS** OR TO OBJECT TO VENUE TO THE EXTENT THAT ANY PROCEEDING IS BROUGHT IN ACCORDANCE WITH THIS PARAGRAPH. THE PARTIES TO THIS AGREEMENT STIPULATE THAT THE STATE COURTS IN AND FOR FLOYD COUNTY, GEORGIA SHALL HAVE **IN PERSONAM** JURISDICTION AND VENUE OVER SUCH PARTY FOR THE PURPOSE OF LITIGATING ANY SUCH DISPUTE, CONTROVERSY OR PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT.

14. **SUCCESSORS AND ASSIGNS**. This Agreement shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

15. **COUNTERPARTS.** This Agreement may be executed in two (2) or more counterparts, each of which shall constitute an original but taken together shall constitute one (1) singular agreement. To expedite the execution of this Agreement, the Parties agree that executed counterparts may be transmitted by facsimile or pdf attachments to e-mail, which copies shall be fully binding on the executing party.

16. **PREPARATION OF AGREEMENT AND REPRESENTATION BY COUNSEL**. The Parties agree that this Agreement is the result of negotiations between the Parties and that this Agreement has been jointly drafted with the input, consent and advice of all Parties. Consequently, no presumption shall arise for, or against, any party in the interpretation of this document on the basis that such party drafted the Agreement. The Parties acknowledge that they have the opportunity to be represented by counsel in connection with the negotiation and execution of this Agreement and that any party's failure to acquire counsel with respect to any aspect of this Agreement is the free and voluntary choice of such party and shall not affect the validity and enforceability of this Agreement. All unrepresented parties acknowledge and admit that he or she is well-versed in business matters and understands fully the consequences of this Agreement and how this Agreement affects such party now and in the future.

17. **PARAGRAPH HEADINGS**. All titles or captions of paragraphs set forth in this Agreement are inserted as a matter of convenience, and in no way define, limit, extend or describe the scope or intent of any provision of this Agreement.

*[The signatures of the parties are on the following pages.]*

**The above and foregoing Agreement shall become effective upon the signature of all below-named Parties:**

| Sworn to and subscribed before me this ___ day of May, 2015. | Agreed to By: |
|---|---|
| _____<br>NOTARY PUBLIC | _____<br>EDWARD BYRON SLAUGHTER, Individually |
| Sworn to and subscribed before me this ___ day of May, 2015. | Agreed to By: |
| _____<br>NOTARY PUBLIC | _____<br>KEVIN GREEN, Individually |
| Sworn to and subscribed before me this ___ day of May, 2015.<br><br>_____<br>NOTARY PUBLIC | Agreed to By:<br><br>STONEGATE HOME BUILDERS, LLC<br><br>_____<br>KEVIN GREEN, Member |
| Sworn to and subscribed before me this ___ day of May, 2015.<br><br>_____<br>NOTARY PUBLIC | _____<br>EDWARD BYRON SLAUGHTER, Member |

EXHIBIT "A"

## ASSIGNMENT OF MEMBERSHIP INTEREST

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the undersigned, EDWARD BYRON SLAUGHTER ("Assignor"), hereby assigns, transfers and conveys to KEVIN GREEN, (the "Assignee") all of his Membership Units in STONEGATE HOME BUILDERS, LLC, a Georgia limited liability company (the "Company"), together with any and all other right, title and interest he may have in and to its assets (collectively the "Assigned Interest").

Assignor hereby agrees to execute, endorse and deliver such other and further documents, and take such other and further actions as may be needful or necessary to consummate, evidence or facilitate the assignment herein made.

Assignor warrants that: (i) he is the sole owner of the Assigned Interest; (ii) the Assigned Interest is being transferred free and clear of all liens, encumbrances and other charges of any kind or nature; (iii) the Assigned Interest represents 100% of his right, title and interest in and to the Company and its assets; (iv) he has the full right and authority to make this Assignment; (v) neither the execution or delivery of this Assignment nor the consummation of the transaction contemplated hereby constitutes a violation of any order, writ, injunction, decree, law, statute, rule, regulation, or any agreement to which Assignor may be a party or by which he may be bound; (vi) this Assignment constitutes the binding obligation of Assignor, enforceable against Assignor in accordance with the terms thereof; (vii) Assignor, at all times during the course of the negotiations leading to the execution and delivery of this Assignment, has had access to all of the books and financial and operational records of the Company and to all of the documents and information relating or pertaining to the operations and activities of the Company, and prior to executing and delivering this Assignment, Assignor has had the opportunity to examine to his satisfaction said books, records, documents and information, and has either done so or has declined to do so; and (viii) Assignor has entered into no agreement, contract, commitment, or other undertaking or understanding on behalf of the Company, and there are no agreements, contracts, commitments, undertakings, understandings or other obligations of the Company affected by him, either with or without proper authorization, except as may be truly, accurately and completely reflected in the books and records of the Company.

The Company and each of its members (other than Assignor) for itself and themselves and for their respective heirs, personal representatives, successors and assigns, do hereby release Assignor, and his beneficiaries, personal representatives and assigns, from any and all claims, demands, damages, actions, causes of action, or suits in equity, of whatever kind and nature, and whether accruing now or in the future, or whether now known or unknown to the Company or any of its members (other than Assignor) for or because of the any matter or thing done, omitted or suffered by the Company prior to and including the date hereof, and in any way relating to the Company, including, without limitation, the formation, organization and operation of the Company, the ownership of property by the Company, or any other matter whatsoever relating to the Company. Notwithstanding the foregoing, the release in this paragraph will not apply to any damages, actions, causes of action, or suits in equity, of whatever kind and nature, and whether accruing now or in the future arising out of fraud on the part of Assignor or any breach the representations and warranties set forth in this Assignment. Any release contained herein is only effective following the date of closing, and shall be of no force or effect for any action arising prior to the closing.

    Assignor, for himself and for his beneficiaries, personal representatives and assigns, does hereby release the Company and each of its members (other than Assignor) and their respective heirs, personal representatives, successors and assigns, from any and all claims, demands, damages, actions, causes of action, or suits in equity, of whatever kind and nature, and whether accruing now or in the future, or whether now known or unknown to Assignor, for or because of any matter or thing done, omitted or suffered by Assignor prior to and including the date hereof, and in any way relating to the Company, including, without limitation, the formation, organization and operation of the Company, the ownership of property by the Company, or any other matter whatsoever relating to the Company.

    WITNESS our hands and seals effective as of the ___ day of May, 2015.

Assignor:

_____
EDWARD BYRON SLAUGHTER

Assignee:

_____
KEVIN GREEN

Stonegate Home Builders, LLC, a
Georgia limited liability company:

BY:_____(Seal)
    KEVIN GREEN, Member

BY:_____(Seal)
    EDWARD BYRON SLAUGHTER, Member

# EXHIBIT "B"

## Outstanding Debts, Obligations, Invoices and Bills Due to Be Paid by Stonegate

EXHIBIT "C"

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **EDWARD BYRON** | ) | |
| **SLAUGHTER** | ) | Case No. 13-42906-mgd |
| | ) | |
| Debtor. | ) | Judge Diehl |
| | ) | |
| **KEVIN GREEN** | ) | |
| | ) | |
| Movant | ) | **CONTESTED MATTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **EDWARD BYRON** | ) | |
| **SLAUGHTER** | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |

**CONSENT ORDER**

IT APPEARING to the Court that the above-described parties agree to the following;

1. That Debtor filed a Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division, on October 5, 2013;

2. That Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(b) and 1334. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2);

3. That Debtor co-owns a membership interest equally with Movant in and to Stonegate Homebuilders, LLC, a Georgia limited liability company (herein "Stonegate"), which owns certain real property known as 581 W. Main Street, Cherokee County, Centre, Alabama 35960 (herein the "Property").

4. That the parties are desirous of effectuating the transfer of Debtor's interest in Stonegate to Movant pursuant to the terms and conditions set forth in that Settlement Agreement, a copy of which is attached hereto as Exhibit "A".

5. That the parties seek the approval of the Court of the terms of their agreement;

THEREFORE, IT IS HEREBY ORDERED, that the terms of the Settlement Agreement are hereby approved by the Court; and

IT IS FURTHER ORDERED that the Automatic Stay shall be lifted in order to effectuate the terms of said Settlement Agreement.

**[END OF ORDER]**

Prepared and presented by:

McRae, Stegall, Peek, Harman,
Smith & Manning, LLP

**/s/ Brian Bojo**
Brian Bojo
Georgia Bar No. 141482
bbojo@msp-lawfirm.com
PO Box 29
Rome, GA 30161
(706) 291-6223
Attorneys for Kevin Green


Consented to:

Paul Reece Marr, P.C.


_____
Paul Reece Marr
Georgia Bar No.
paul@paulmarr.com
300 Galleria Parkway, NW, Ste 960
Atlanta, GA  30330
(770) 984-2255
Attorneys for Edward Byron Slaughter