

**IT IS ORDERED as set forth below:**

**Date: January 28, 2016**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

```
            UNITED STATES BANKRUPTCY COURT
             NORTHERN DISTRICT OF GEORGIA
                    ROME DIVISION

In re:                              :   Chapter 11 – Judge Diehl
                                    :
EDWARD BYRON SLAUGHTER;             :   Case No. 13-42906
E. BYRON SLAUGHTER, LLC;            :   Case No. 13-42907
APEX LOCATORS, LLC;                 :   Case No. 13-42908
CHAPEL HEIGHTS, LLC; and            :   Case No. 13-42909
ROLLING HILLS PLAZA, LLC;           :   Case No. 13-42910
                                    :
     Debtors.                       :   Jointly Administered Under
                                    :   Case No. 13-42906
                                    :
_____:
```

ORDER CONFIRMING
E. BYRON SLAUGHTER, LLC'S FIRST AMENDED PLAN OF REORGANIZATION

E. Byron Slaughter, LLC (the "Debtor") filed its *Plan of Reorganization* on August 4, 2015 [Doc. No. 336], and its *First Amended Plan of Reorganization* on December 1, 2015 [Doc. No. 391] (the "Plan"). The Court held a hearing (the "Hearing") upon due notice on January 14, 2016 to consider confirmation of the *First Amended Plan of Reorganization*. The following parties made an appearance at the Hearing: Paul Reece Marr, Esq., counsel for the Debtors; Martin P. Ochs, Esq., counsel for the United States Trustee; and David W. Cranshaw, Esq., counsel 2010-1 CRE Venture, LLC.

1

THEREFORE, IT HAVING BEEN DETERMINED AFTER A HEARING ON NOTICE THAT:

(1)  The Plan has been accepted in writing by the creditors and parties in interest whose acceptance is required by law;

(2)  The provisions of Chapter 11 of the Bankruptcy Code have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law;

(3)  Each holder of a claim or interest either has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date;

(4)  All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

(5)  The identity of any insider that will be employed or retained by Debtor or by any affiliate of Debtor, and his or her compensation, have been fully disclosed;

(6)  The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under the Plan and has not accepted the Plan;

(7)  The Plan provides that the holders of secured claims shall retain the liens securing such claims to the extent of the allowed amount of such claims, and that each holder of a secured claim shall receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in Debtor's interest in such property;

(8)  The Plan is in the best interests of creditors and parties in interest herein;

(9)  Confirmation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtor except as liquidation or reorganization is proposed

in the Plan; and

(10) All fees payable under 28 U.S.C. § 1930 have been paid, or the Plan provides for the payment of such fees on the Effective Date of the Plan.

ACORDINGLY, IT IS HEREBY ORDERED that the Plan is CONFIRMED. To the extent that there may be a conflict between the terms of the Plan and the terms of this Order, then the terms of this Order shall control;

IT IS FURTHER ORDERED that all fees required to be paid by the Debtor pursuant to 28 U.S.C. §1930(a)(6) will accrue and be timely paid as and when the same may come due; and

IT IS FURTHER ORDERED that notwithstanding any language in the confirmed Plan to the contrary, this Court will retain only such jurisdiction in this case as it is required to retain under the Bankruptcy Code and Rules.

IT IS FURTHER ORDERED that within 120 days from the entry of this Order, the Debtor shall file a report stating whether the estate has been fully administered within the meaning of Bankruptcy Rule 3022 and setting forth a list of all fees and expenses paid to all professionals including attorneys for the Debtor, together with an application for a final decree closing the case.

END OF DOCUMENT

| Prepared and submitted by, | No opposition by: |
|---|---|
| PAUL REECE MARR, P.C. | GUY G. GEBHARDT |
| Attorneys for the Debtor | ACTING U. S. TRUSTEE, REGION 21 |
| | |
| /s/ Paul Reece Marr | /S/ Martin P. Ochs |
| Paul Reece Marr | MARTIN P. OCHS |
| GA Bar # 471230 | NY Bar No. MO-1203 |
| 300 Galleria Pkwy; #960 | GA Bar No. 091608 |
| Atlanta, Georgia 30339 | U. S. Department of Justice |
| (770) 984-2255 | Office of the U. S. Trustee |
| paul@paulmarr.com | 362 Richard B. Russell Bldg. |
| | 75 Spring Street, S.W. |
| | Atlanta, Georgia 30303 |
| | (404) 331-4437 |
| | martin.p.ochs@usdoj.gov |

DISTRIBUTION LIST

Pursuant to Local Rule 9013-3 for the United States Bankruptcy Court, Northern District of Georgia, following is a list of all parties to be served with a copy of this Order:

Martin P. Ochs
Office of the U. S. Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Paul Reece Marr
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

The Agee Law Firm
Wendell S. Agee
P.O. Box 2374
Buford, Georgia 30515-2374

Ron C. Bingham, II
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, Georgia  30326

G. Phillip Beggs
Moore Ingram
Johnson & Steele, LLP
Emerson Overlook
326 Roswell Street
Marietta, GA 30060

David W. Cranshaw
Morris, Manning
& Martin, L.L.P.
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326

Jed L. Frankel
Eisinger, Brown, et al
Presidential Circle
Suite 265 South
4000 Hollywood Blvd.
Hollywod, FL 33021

A. Michelle Hart Ippoliti
McCalla Raymer, et al
1544 Old Alabama Road
Roswell, GA 30076

Peoples Independent Bank
c/o David L Jones
Jones and Milwee, LLC
P. O. Box 940
Guntersville, AL 35976

Martha A. Miller
Schulten Ward & Turner, LLP
Suite 2700
260 Peachtree Street, NW
Atlanta, GA 30303-1240

Garrett H. Nye
Cohen Pollock
Merlin & Small, P.C.
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339

J. Andrew Owens
Magruder and Sumner
P.O. Box 5187
Rome, GA 30162-5187

Thomas D. Richardson
Brinson, Askew, Berry, et al

| | |
|---|---|
| P. O. Box 5007<br>Rome, GA 30162-5007 | Suite 800<br>Atlanta, GA 30309-4516 |

Howard D. Rothbloom
The Rothbloom Law Firm
31 Atlanta Street
Marietta, GA 30060

John D. Schlotter
Aldridge Connors LLP
Fifteen Piedmont Center -
Suite 500
3575 Piedmont Rd., NE
Atlanta, GA 30305

Kelly E. Waits
Burr & Forman, LLP
Suite 1100
171 17th Street, NW
Atlanta, GA 30363

Brian Richard Bojo
McRae Stegall Peek Harman
Smith & Mannin
100 East Second Avenue
PO Box 29
Rome, GA 30162

Jonathan T. Edwards
Alston & Bird, LLP
1201 W. Peachtree St.
Atlanta, GA 30309

Ira L. Rachelson
Rachelson & White, PC
Suite 1875
Three Ravinia Drive
Atlanta, GA 30346

Kimberly D. Rayborn
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076

John A. Christy
Schreeder, Wheeler
& Flint, LLP
1100 Peachtree Street

–5–